UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHILLIP BEVERLY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14-CV-04970 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| WAYNE D. WATSON, et al., | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants respectfully move this Court to strike portions of Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts, which was filed pursuant to Local Rule 56.1(b)(3) ("Plaintiffs' 56.1(b)(3) Statement") (Doc. 226-1).[1] Portions of Plaintiffs' 56.1(b)(3) Statement do not comply with Local Rule 56.1 and this Court's Standing Order Regarding Motions for Summary Judgment. Significantly, this non-compliance is not minor, but results in making virtually all of Plaintiffs' 56.1(b)(3) Statement defective.[2] For the reasons explained herein, Defendants ask that their motion to strike be granted.

---

[1] Defendants do not make this motion pursuant to Fed. R. Civ. P. 12(f), as Plaintiffs' 56.1(b)(3) Statement is not a "pleading" as defined by Fed. R. Civ. P. 7. However, it is clear that this Court has inherent authority to review and grant motions to strike as a means of managing its docket. *See City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (permitting this type of motion to strike); *see also Dinh Nguy v. Cinch Bakery Equipment, LLC*, 2015 WL 3937887, at *2 (E.D. Cal. 2015) (explaining the limits of Rule 12(f) and noting courts use their "inherent power to control their dockets when determining whether to strike documents or portions of documents.").

[2] This has serious implications for this Court's consideration of Plaintiffs' consolidated brief because Plaintiffs attempt to rely on their improper Local Rule 56.1(b)(3)(A)-(C) statements (Docs. 226-1 and 226-2) not just to oppose Defendants' Motion for Summary Judgment, but also to oppose Defendants' Motion to Dismiss.

**PROCEDURAL BACKGROUND**

1. On December 21, 2016, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 216), which Defendants believe is dispositive of this case. Because this motion is jurisdictional in nature, it was filed pursuant to Federal Rule 12(b)(1). Per an Order of this Court, Plaintiffs' response to this motion originally was due on January 13, 2017 (Doc. 212).

2. In addition to jurisdictional failings, Defendants also believe Plaintiffs' claims cannot survive summary judgment. Thus, in an effort to avoid any delay in adjudicating this case, on January 5, 2017, Defendants filed a motion seeking leave to file an oversized Motion for Summary Judgment to address all the other reasons Plaintiffs' claims fail as a matter of law (Doc. 217).

3. In response, on the same date, Plaintiffs filed a "… Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and to Consolidate Briefing of Dispositive Motions." (Doc. 218). Plaintiffs' motion argued that "the grounds for Defendants' Motion to Dismiss … can be paired with briefing on Defendants' forthcoming Motion for Summary Judgment…." *Id.* at 2. Plaintiffs asserted that consolidated briefing would "allow the parties to more cogently brief the issues raised." *Id.*

4. On January 11, 2017, the Court held a hearing on Plaintiffs' motion. At that time, the Court called the idea of consolidated briefing "puzzling" and questioned whether Plaintiffs could file a consolidated brief and still be in compliance with the relevant standards and rules specific to the two distinct motions. *See* Ex. A, Transcript of Hearing at 3:23-25, 6:2-3 (Jan. 11, 2017) (Doc. 227). With that warning, the Court gave the parties the *option* of filing consolidated briefing and set a new briefing schedule. *Id.* at 6.

5. Plaintiffs chose to move forward with filing a consolidated brief and subsequently filed a "Consolidated Response in Opposition to Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment" (the "consolidated brief") (Doc. 226). As attachments to this consolidated brief, Plaintiffs also filed, pursuant to Local Rule 56.1(b)(3)(A)-(B), a "Response to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment" (Doc. 226-1) and pursuant to Local Rule 56.1(b)(3)(C) an "Additional Statement of Undisputed Facts" (Doc. 226-2).[3]

## ARGUMENT

Defendants ask the Court to strike portions of Plaintiffs' 56.1(b)(3) Statement (Doc. 226-1) for the reasons set forth below.

**I. Plaintiffs' failure to abide by Local Rule 56.1 and this Court's Standing Order warrants that portions of Plaintiffs' 56.1(b)(3) Statement be stricken and Defendants' corresponding facts admitted.**

Plaintiffs' Rule 56.1(b)(3) Statement violates the letter and spirit of Local Rule 56.1 and this Court's Standing Order Regarding Motions for Summary Judgment. In accordance with Local Rule 56.1(b)(3), Plaintiffs are required to submit "a *concise* response" to Defendants' Statement of Undisputed Material Facts. The formatting of Plaintiffs' 56.1(b)(3) Statement is further dictated by the Rule, which requires the response to contain:

> numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and…a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon."

Local Rule 56.1(b)(3)(A)-(B).[4]

---

[3] In Plaintiffs' consolidated brief they refer to their Response to Defendants' Statement of Undisputed Material Facts (Doc. 226-1) as "Pls.' Resp. SMF" and to their Additional Statement of Undisputed Material Facts (Doc. 226-2) as "Pls.' SMF".

[4] This Court's Standing Order Regarding Motions for Summary Judgment further clarifies that "Facts must be set forth in short numbered paragraphs…"

Notably, the Seventh Circuit has "emphasized the importance of local rules and 'ha[s] consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.'" *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)). "While the rules may seem trivial, they are critical in allowing the court to focus on the issues in dispute and resolve those issues on the merits." *Scott v. Town of Cicero,* No. 09 C 6128, 2012 WL 2072972, at *1 (N.D. Ill. June 6, 2012).

Furthermore, this Court's Standing Order Regarding Motions for Summary Judgment provides further direction to parties so that the Court may properly review and rule on motions for summary judgment.[5] *See* Judge Gottschall's Standing Order Regarding Motions for Summary Judgment (hereinafter "Standing Order"). The Standing Order makes clear that "**NO ARGUMENT SHOULD BE CONTAINED IN THE 56.1(b)(3) STATEMENT.**" *Id.* at 2 (emphasis in original). *See, e.g.*, *Ammons v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 08 C 5663, 2011 WL 1059993, at n.2 (N.D. Ill. Mar. 18, 2011), *reconsidered on other grounds*, No. 08 C 5663, 2012 WL 689178 (N.D. Ill. Mar. 1, 2012) ("The parties are reminded that, per this court's standing order, no argument should be included in the…Local Rule 56.1(b)(3) statement."); *see also Sicher v. Merrill Lynch*, No. 09 C 1825, 2011 WL 892746, at n.1 (N.D. Ill. Mar. 9, 2011).

Any facts asserted by the movant and not contradicted in the manner specified by the rule are deemed admitted. *See Valenti v. Qualex, Inc.*, 970 F.2d 363, 368-69 (7th Cir. 1992) (upholding the district court's strict application of Rule 12(n), now Local Rule 56.1). As this

---

[5] *Pytell v. Bradley*, No. 08 C 7122, 2010 WL 5110138, at *1 (N.D. Ill. Dec. 7, 2010) ("In addition to complying with the Federal Rules, the parties must also adhere to the Local Rules for the Northern District of Illinois and this court's Standing Order Regarding Motions for Summary Judgment.").

4

Court noted in *Marshall v. Local 701, Int'l Bhd. of Elec. Workers*, "[m]aterial facts submitted by the movant 'will be deemed admitted unless controverted by the statement of the opposing party.'" No. 03 C 1302, 2008 WL 4389868, at *5 (N.D. Ill. Sept. 19, 2008), *aff'd*, 387 F. App'x 623 (7th Cir. 2010) (internal citations omitted).

On several occasions, this Court has appropriately stricken filings that "fail to comport with the Seventh Circuit's standards for opposing summary judgment, and with this court's standing order on motions for summary judgment." *Renta v. Cty. of Cook*, 735 F. Supp. 2d 957, 963 (N.D. Ill. 2010), *on reconsideration in part*, No. 05 C 2995, 2011 WL 249501 (N.D. Ill. Jan. 26, 2011) (striking responses that were missing specific page numbers and deeming defendants' statements to be admitted). In *Scott v. Town of Cicero*, this Court deemed a party's statements of fact admitted because the party's responses failed to comply with this Court's Standing Order and engaged in the following conduct: "coyly" attempting to object to facts instead of "straightforwardly admitting or denying those facts;" playing word games; trying to introduce new facts; and offering "general denials without citing any evidence in support of their objection." No. 09 C 6128, 2012 WL 2072972, at n. 1 (N.D. Ill. June 6, 2012). Plaintiffs' conduct here is similarly concerning, and deserves the same treatment.

Plaintiffs' 56.1(b)(3) Statement is in violation of the Court's Standing Order, which "makes clear that all argument must be contained in the party's brief." *Sommerfield v. City of Chicago*, No. 06 C 3132, 2010 WL 3786968, at *4 (N.D. Ill. Sept. 20, 2010). Plaintiffs' "[f]ailure…to heed the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local General Rules…greatly complicates this court's consideration of motions for summary judgment." Standing Order at 1. Accordingly, Defendants ask this Court to strike portions of Plaintiffs' 56.1(b)(3) Statement.

### A. Almost all of Plaintiffs' 56.1(b)(3) Statement is improper argument and therefore should be stricken and Defendants' corresponding facts admitted.

Here, Plaintiffs filed a *45-page* 56.1(b)(3) Statement in response to Defendants' Statement of Undisputed Material Facts. This 56.1(b)(3) Statement is essentially another brief in which Plaintiffs respond to each of Defendants' facts with brief-style argument, including citations to case law.[6] *E.g.*, Pls.' Resp. SMF ¶37[7] (characterizing Defendants' fact as "non-factual" and engaging in legal analysis without any citation to the record that would contradict Defendants' asserted fact). In fact, the legal arguments included in Plaintiffs' Responses often span one or more pages. *See* Pls.' Resp. SMF ¶¶18 (1.5 pages); 30 (1 page); 45 (2 pages); 56 (1 page); 59 (1 page); 65 (3 pages); 66 (3 pages); 68 (3 pages). Taken as a whole, virtually all of Plaintiffs' responses include argument contrary to this Court's Standing Order and the spirit of Federal and Local Rules related to summary judgment motions. *See* Pls.' Resp. SMF ¶¶ 9, 15, 16, 17, 18, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 39, 41, 42, 45, 46, 47, 49, 54, 56, 57, 58, 59, 63, 65, 66, 67, 68, 69, 70, 71.

While a few of Plaintiffs' responses align with Local Rule 56.1 and the Court's Standing Order,[8] Defendants ask this Court to strike all of the other aforementioned responses and deem Defendants' corresponding facts admitted. The Court should rely on the briefs of the parties to assess the actual legal arguments. *See* Standing Order at 2 ("This is the document in which **all**

---

[6] In addition to violating Local Rule 56.1, Plaintiffs also inexplicably attempt to bootstrap their 56.1(b)(3)(A)-(C) statements (Docs. 226-1 and 226-2) to oppose Defendants' Motion to Dismiss. If the Court permits Plaintiffs to rely on these materials that fail to comply with the Local Rules, the Court will be allowing Plaintiffs to, in effect, supplement their arguments against *both* Defendants'' motion to dismiss *and* motion for summary judgment with additional briefing under the guise of responses to statements of material fact. This would be prejudicial to Defendants.

[7] Contrary to this Court's Standing Order, which clearly advises parties who "do not dispute the fact, but rather the inference to be drawn therefrom" to list the fact as "undisputed" and then include argument about the inference in their brief, not the Rule 56.1(b)(3) Statement. Plaintiffs blatantly ignore this directive.

[8] Specifically, Defendants do not object to Plaintiffs' appropriately formatted Rule 56.1(b)(3) Statement responses to ¶¶4, 6, 8, 10, 11, 13, and 52.

**argument** should be contained")(emphasis added). If the Court does not strike Plaintiffs' 56.1(b)(3) Statement, Defendants will be disadvantaged as Plaintiffs will get two opportunities to present argument —in their consolidated brief as well as their 45-page 56.1(b)(3) Statement.

### B. Plaintiffs' 56.1(b)(3) Statement includes responses which lack evidentiary support and therefore should be stricken and Defendants' corresponding facts admitted.

In addition to the above-mentioned problems, some of Plaintiffs' responses in their Rule 56.1(b)(3) Statement are devoid of *any* factual citations to support Plaintiffs' conclusions. *See* Pls.' Resp. SMF ¶¶ 43, 50, 51, 62. In responding to a motion for summary judgment, a non-movant is required to respond to a movant's statement of material facts with particularity. *See Smith v. Lamz,* 321 F.3d 680, 682 (7th Cir. 2003); *see also* Standing Order at 3 ("[a]n asserted statement of fact requires the opposing party…to cite to other (contradictory) facts in the materials in order to demonstrate a real factual dispute."). When a non-movant fails to controvert the facts as set forth by the movant, those facts are deemed admitted for purposes of the motion.[9] *Id.* at 683; *see* also *Valenti*, 970 F.2d at 369. Plus, as this Court has noted, "any arguments lacking necessary record support are, in the first instance, denied as waived." *Torres v. City of Chicago*, No. 12 C 7844, 2016 WL 4158914, at *1-2 (N.D. Ill. Aug. 5, 2016) (citing *Ayala v. Rosales*, No. 13 C 4425, 2015 WL 4127915, at *1 (N.D. Ill. July 8, 2015)). Accordingly, Plaintiffs' failure to include evidentiary support for their responses to paragraphs 43, 50, 51, and 62 must result in these responses being stricken and thereby waived, and Defendants' corresponding facts admitted.

---

[9] This Court's Standing Order also requires "[a]n asserted statement of fact requires the opposing party to acknowledge that fact or to cite to other (contradictory) facts in the materials in order to demonstrate a real factual dispute." To the extent Plaintiffs failed to respond to Defendants' facts, these statements should be accepted as true. *See, e.g., Johnson v. Jewel Food Stores, Inc.,* No. 98 C 4440, 2001 WL 111237, at *1 (N.D. Ill. Feb. 8, 2001) ("The court deems statements without such a response to be admitted, and accepts…statements (as well as the other Facts proffered by [the parties] neither admitted nor denied) as true.").

## **CONCLUSION**

Defendants respectfully request that this Court strike portions of Plaintiffs' 56.1(b)(3) Statement for the reasons outlined above. When materials filed with the Court are "woefully deficient," as is the case here, it is within the Court's discretion to disregard certain facts and deem others admitted. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (citing *Bordelon*, 233 F.3d at 529) (If a party's summary judgment pleadings are "woefully deficient in either responding adequately to the defendants' statement or in setting forth additional facts with appropriate citations to the record," the Court does "not abuse its discretion in deeming admitted and only considering the defendants' statement of material facts.").

In such cases, this Court has "disregarded the unsupported statements, legal arguments, and irrelevant facts." *Matz v. Household Int'l Tax Reduction Inv. Plan*, No. 96 C 1095, 2014 WL 1257925, at n. 1 (N.D. Ill. Mar. 26, 2014) (granting in part defendants' motion to strike based on plaintiffs' "failure to cite admissible evidence, failure to cite to specific exhibits, and improper legal argument"); *see also Scott v. Town of Cicero*, No. 09 C 6128, 2012 WL 2072972, at n.1 (N.D. Ill. June 6, 2012); *Ting v. Chicago Mercantile Exch., Inc.*, No. 03 C 3927, 2005 WL 2335584, at *1 (N.D. Ill. Sept. 21, 2005) ("The court…notes that facts have been considered only in those instances where the parties have complied with LR 56.1 and the court's Standing Order Regarding Motions for Summary Judgment.").

WHEREFORE, for the foregoing reasons, Defendants request that this Court strike the portions of Plaintiffs' 56.1(b)(3) Statement that violate Local Rule 56.1(b), and deem Defendants' corresponding facts to be admitted.

Dated: March 8, 2017                    Respectfully Submitted,

                                                      HUSCH BLACKWELL, LLP

                                                      By: /s/Lisa J. Parker

                                                      Donald J. Mizerk
                                                      John W. Borkowski
                                                      Lisa J. Parker
                                                      Michael T. Raupp
                                                      120 South Riverside Plaza, Suite 2200
                                                      Chicago, IL 60606
                                                      (312) 655-1500
                                                      (312) 655-1501 (Facsimile)
                                                     Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing **DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** was served electronically via the Court's ECF system to all counsel of record on this 8th day of March, 2017.

                       /s/ Lisa J. Parker


Robert Corn-Revere
Ronald G. London
Lisa B. Zycherman
Davis Wright Tremaine LLP
1919 Pennsylvania Ave NW, Suite 800
Washington, D.C. 20006-3401
bobcornrevere@dwt.com
ronnielondon@dwt.com
lisazycherman@dwt.com

Jessica Tovrov
Wesley Johnson
Goodman Tovrov Hardy & John
105 West Madison Street, Suite 1500
Chicago, IL 60602
jessica@tovrovlaw.com
wjohnson@goodtov.com

# Exhibit A

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
     PHILLIP BEVERLY, et al.,              )   Docket No. 14 C 4970
 4                                         )
                      Plaintiffs,          )
 5                                         )
               vs.                         )
 6                                         )
     WAYNE D. WATSON, et al.,              )   Chicago, Illinois
 7                                         )   January 11, 2017
                      Defendants.          )   9:19 o'clock a.m.
 8

 9             TRANSCRIPT OF PROCEEDINGS - MOTION
             BEFORE THE HONORABLE JOAN B. GOTTSCHALL
10

11   APPEARANCES:

12
     For the Plaintiffs:        GOODMAN TOVROV HARDY & JOHNSON, LLC
13                              BY:  MS. JESSICA TOVROV
                                105 W. Madison St., Suite 1500
14                              Chicago, Illinois  60602

15
     For the Plaintiff          DAVIS WRIGHT TREMAINE LLP
16   Via Telephone:             BY:  MS. LISA B. ZYCHERMAN
                                1919 Pennsylvania Ave, NW, Suite 800
17                              Washington, D.C. 20006

18
     For the Defendants:        HUSCH BLACKWELL, LLP
19                              BY:  MS. LISA J. PARKER
                                120 S. Riverside Plaza, Suite 2200
20                              Chicago, Illinois  60606

21
     Court Reporter:            MS. JOENE HANHARDT
22                              Official Court Reporter
                                219 S. Dearborn Street, Suite 1744-A
23                              Chicago, Illinois  60604
                                (312) 435-6874
24             * * * * * * * * * * * * * * * * * *
                        PROCEEDINGS RECORDED BY
25                         DIGITAL RECORDING
                     TRANSCRIPT PRODUCED BY COMPUTER
```

1  THE CLERK: Case No. 1: 14 C 4970, Beverly vs.
2  Chicago State University.
3  THE COURT: Good morning.
4  MS. TOVROV: Good morning, your Honor, local counsel
5  Jessica Tovrov, local counsel for the plaintiffs.
6  MS. PARKER: Good morning, your Honor.
7  MS. ZYCHERMAN (Via Telephone): Good morning, your
8  Honor.
9  THE COURT: Who is on the phone?
10  Let us hear from the person on the phone.
11  MS. ZYCHERMAN (Via Telephone): Good morning, your
12  Honor. This is Lisa Zycherman. I am counsel for the
13  plaintiffs, as well, and I am on the phone.
14  THE COURT: Okay.
15  MS. PARKER: Good morning, your Honor, Lisa Parker on
16  behalf of defendant.
17  THE COURT: All right.
18  The only reason I had you come in, it does not look
19  like anybody cares about oversized briefs.
20  Of course, I am the only one who should care about
21  oversized briefs.
22  (Laughter.)
23  THE COURT: But it seems you need a new schedule; is
24  that what I understand from -- the motion I found a little
25  confusing, but I wanted to know what you wanted.

1                    Who is the movant?
2                    MS. ZYCHERMAN (Via Telephone):  Thank you, your Honor.
3                    This is Lisa Zycherman for the plaintiffs.
4                    THE COURT:  Yes.
5                    MS. ZYCHERMAN (Via Telephone):  The defendants in the
6     case filed a motion to dismiss last month --
7                    THE COURT:  Yes.
8                    MS. ZYCHERMAN (Via Telephone):  -- asserting grounds
9     for lack of subject matter jurisdiction.  A few weeks later,
10    they approached us and asked for consent to file an oversized
11    brief for a forthcoming motion for summary judgment.
12                   Given that the common set of facts and overlapping
13    issues could present an opportunity for uniform briefing on
14    both of those motions, we asked defendants, in exchange for, of
15    course, our consent to --
16                   THE COURT:  Wait a minute.  Are you suggesting that a
17    motion to dismiss and a motion for summary judgment can be
18    dealt with in the same brief?
19                   MS. ZYCHERMAN (Via Telephone):  That was our
20    contention -- we weren't suggesting -- that we have the
21    opportunity to oppose both motions in the same brief, with
22    additional pages, if needed.
23                   THE COURT:  But how do you comply with the rules for
24    what has to go in a summary judgment brief?
25                   I mean, I cannot even imagine how you would do that.

1  It is perfectly fine with me if you can do that.
2          MS. ZYCHERMAN (Via Telephone):  Well, given that there
3  would be a summary judgment brief pending at that point, we
4  would certainly comply with the rules for summary judgment
5  briefing under Local Rule 56.
6          THE COURT:  All right.
7          So, what schedule do you want, because I do not care
8  what schedule you have?
9          MS. ZYCHERMAN (Via Telephone):  Our hope is -- I guess
10 our expectation was -- that the defendants would have filed
11 their summary judgment brief at this point, since they asked
12 for our consent on their oversized brief about two weeks ago.
13         I, of course, have no control over when they submit
14 their motion.  My understanding is that it is forthcoming.
15         THE COURT:  Well, let us find out when it is going to
16 be submitted.
17         No wonder I could not figure this out last night.  I
18 mean, I felt like I was reading a very confusing, ancient
19 novel.
20         (Laughter.)
21         THE COURT:  Counsel?
22         MS. PARKER:  Thank you, your Honor.
23         So, on behalf of defendants, first of all, we did not
24 file our motion for summary judgment yet because we needed you
25 to give us leave to do that --

```
1            THE COURT:  You have leave.
2            MS. PARKER:  -- which you did yesterday.
3            So, we will do that before Friday of this week.
4            THE COURT:  So, Friday of this week, which is the
5   13th, is your date?
6            MS. PARKER:  Yes.
7            THE COURT:  Okay.
8            MS. PARKER:  We will file it that day.
9            THE COURT:  So, when did the plaintiff -- yes, go
10  ahead.
11           MS. PARKER:  But I would like to speak to, if you
12  don't mind, plaintiffs' motion.
13           We also are confused as to what exactly plaintiffs are
14  seeking.  We do have some concern.  I think plaintiffs are
15  working on the belief that these motions have the same facts
16  and the same issues.  We disagree with that.
17           The motion to dismiss --
18           THE COURT:  Well, I certainly do not know because I
19  have not read them yet.
20           MS. PARKER:  Well, the motion to dismiss is based on
21  standing.
22           We also think plaintiffs are a bit premature, as they
23  haven't seen our motion for summary judgment.  But it raises a
24  variety of completely different issues that have never been
25  discussed in this case.
```

1        THE COURT: All right.
2        I do not care if -- this consolidation thing seems to
3   me very puzzling, but why do we not just set a date.
4        And, you know, if we set a date that allows you to do
5   something consolidated, if you want to; and, if it does not
6   allow you to do it, you can just file separate briefs on those
7   dates.
8        Can you we do and get past this? Because this is just
9   a ridiculous thing to be having you all here, spending your
10  clients' money for.
11       Just tell me what dates you want.
12       MS. PARKER: Well, the last -- your Honor, one more
13  thing. The last thing is defendants do not want to file a
14  consolidated reply brief as to our motion to dismiss and our
15  motion for summary judgment. We think it would be confusing
16  and we also think --
17       THE COURT: So, do not.
18       MS. PARKER: Okay. Thank you.
19       THE COURT: You know, I am saying I do not understand
20  how it can be done. It is completely academic to try to talk
21  about how it can be done if the motion for summary judgment has
22  not even been filed yet.
23       But I do not care if we set one date. And I hope you
24  make it as unconfusing to me as possible. Because the whole
25  point of this is to make your points clear to me, so that I can

1 decide the case correctly. Okay? The point of this is not to
2 file one brief or two briefs or three briefs. It is to make it
3 clear. Okay?
4 　　　　So, we are getting the defendants' motion for summary
5 judgment on Friday.
6 　　　　We already have the motion to dismiss, right?
7 　　　　MS. PARKER:  Correct.
8 　　　　THE COURT:  Okay.
9 　　　　So, when does the plaintiff want to respond to
10 whatever it needs to respond to?
11 　　　　MS. ZYCHERMAN (Via Telephone):  I think four weeks
12 would be sufficient time for defendants.
13 　　　　THE COURT:  Okay.
14 　　　　MS. ZYCHERMAN (Via Telephone):  I mean, excuse me, for
15 the plaintiffs.
16 　　　　THE COURT:  Four weeks is what date, Marlan?
17 　　　　THE CLERK:  February the 10th.
18 　　　　THE COURT:  February the 10th.
19 　　　　And, then, to reply, two weeks?
20 　　　　MS. PARKER:  Well, your Honor, we are going to then be
21 replying to both a motion to dismiss and a motion for --
22 　　　　THE COURT:  Yes, you are.
23 　　　　MS. PARKER:  -- summary judgment.
24 　　　　THE COURT:  Yes, you are.
25 　　　　MS. PARKER:  So, two weeks will not be sufficient.

```
 1              THE COURT:  So, what will be sufficient?  Because you
 2   know, what?  This is really -- I did not train to be a
 3   kindergarten teacher, but we need a kindergarten teacher to
 4   deal with this.
 5              Just tell me what you want and I will give it to you.
 6              MS. PARKER:  Your Honor, may we have a month?
 7              THE COURT:  For a reply brief?
 8              MS. PARKER:  For a reply -- well, because we are
 9   responding to two now at the same time.
10              THE COURT:  Fine.  Fine.
11              MS. PARKER:  We would normally have two weeks, as
12   things --
13              THE COURT:  Okay.
14              I am not giving any extensions to anybody, though,
15   because, I mean, you are taking a lot of time.  And I do not
16   see why this is so complicated.
17              So, four weeks and four weeks.
18              MS. PARKER:  Thank you, your Honor.
19              THE COURT:  Good enough.
20              All right.  Everybody has what they need now.  You can
21   file oversized briefs.
22              Please do not waste pages.  It makes my job very
23   difficult.  Okay?
24              You need to -- once you have written your brief, you
25   need to -- edit it down so that it is compact and makes its
```

```
 1  points clearly.  Okay.
 2          All right.  Thank you, everybody.
 3          MS. PARKER:  Thank you.
 4          MS. TOVROV:  Thank you, your Honor.
 5          MS. ZYCHERMAN (Via Telephone):  Thank you, your Honor.
 6          THE COURT:  Thank you.
 7                      *   *   *   *   *
 8  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
 9
10  /s/ Joene Hanhardt                  March 1, 2017
    Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```