UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHILLIP BEVERLY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14-CV-04970 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| WAYNE D. WATSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFFS' LETTER TO THE COURT**

Defendants respectfully move this Court to strike "Plaintiffs' Letter to the Court" (Doc. 269), which was inappropriately filed after briefing on Defendants' Motion for Reconsideration (Doc. 260) and Plaintiffs' Motion for Partial Reconsideration (Doc. 255) had concluded. Plaintiffs' Letter to the Court does not comply with Fed. R. Civ. P. 15(d), governing Supplemental Pleadings, or this Court's orders governing the parties' Motion Practice. In support of this request, Defendants state as follows:

1. On December 21, 2017, Defendants submitted a letter to this Court (Doc. 269), providing supplemental authority in opposition to Defendants' Motion for Reconsideration.

2. Fed. R. Civ. P. 15(d) states that, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

3. Accordingly, the Federal Rules of Civil Procedure require Plaintiffs to request leave of this Court to file supplemental authority, and Plaintiffs were required to do so prior to filing any supplemental authority.

4. In addition, Plaintiffs' use of a Letter to convey supplemental authority in response to Defendants' Motion for Reconsideration violates this Court's Standing Order, which

KCP-8323059-4

clearly states "Counsel should not respond to motions by correspondence with the Court." *See* Hon. Judge Wood's Standing Order regarding Motion Practice.

5. Furthermore, Plaintiffs' Letter requesting the Court to consider supplemental authority violates this Court's General Order 14.0024 which prohibits use of the Court's electronic case filing (ECF) system for filing letters of request. Yet, on December 21 Plaintiffs filed their Letter (Doc. 269) as a "Memorandum response in opposition" to Defendants' Motion for Reconsideration, *even though* briefing on the motion concluded on December 6, 2017. *See* Briefing Schedule (Doc. 264). Significantly, Plaintiffs' supplemental Letter/Memorandum filed after briefing concluded unjustly denies Defendants an opportunity to respond to Plaintiffs' supplemental filing.

6. Moreover, the supplemental authority Plaintiffs seek to have this Court consider is a case from the United States Court of Appeals for the Federal Circuit, which is not binding on this Court.

7. To the extent the Court is willing consider Plaintiffs' supplemental Letter/Memorandum, Defendants note that this is simply more of the same forum argumentation that Plaintiffs espouse in their briefing. But, as Defendants noted in their own briefing, the CSU policies at issue are viewpoint neutral: they contain no viewpoint language whatsoever. Additionally, Plaintiffs failed to argue previously that the policies engaged in viewpoint discrimination and Plaintiffs may not do so now because reconsideration is not the time for new arguments.

WHEREFORE, for the foregoing reasons, Defendants request that this Court strike Plaintiffs' Letter from the record (Doc. 269) and award Defendants' attorneys' fees in the amount charged to Defendants as required to prepare this Motion.

Dated: January 2, 2018

                              Respectfully submitted,

                              By: /s/ Lisa J. Parker

                              HUSCH BLACKWELL, LLP

                              Donald J. Mizerk
                              John W. Borkowski
                              Lisa J. Parker
                              Michael T. Raupp
                              120 South Riverside Plaza, Suite 2200
                              Chicago, IL 60606
                              (312) 655-1500
                              (312) 655-1501 (Facsimile)
                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' LETTER TO THE COURT** was served electronically via the Court's ECF system to all counsel of record on this 2nd day of January, 2018.

/s/ Lisa J. Parker

Robert Corn-Revere
Ronald G. London
Lisa B. Zycherman
Davis Wright Tremaine LLP
1919 Pennsylvania Ave NW, Suite 800
Washington, D.C. 20006-3401
bobcornrevere@dwt.com
ronnielondon@dwt.com
lisazycherman@dwt.com

Jessica Tovrov
Wesley Johnson
Goodman Tovrov Hardy & John
105 West Madison Street, Suite 1500
Chicago, IL 60602
jessica@tovrovlaw.com
wjohnson@goodtov.com

KCP-8323059-4