IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP BEVERLY and ROBERT BIONAZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHICAGO STATE UNIVERSITY BOARD )<br>OF TRUSTEES, WAYNE D. WATSON, )<br>PATRICK CAGE, and JANELLE CARTER, )<br>)<br>Defendants. ) | No. 14-cv-04970<br><br>Judge Andrea R. Wood |

## ORDER

Defendants' Motion to Strike Plaintiffs' Letter to the Court [270] is denied. Plaintiff's Letter to the Court [269] is construed as a request to submit supplemental authority and is granted. The Court will consider both Plaintiff's supplemental authority and Defendants' substantive response thereto in their motion to strike, in deciding the parties' pending motions for reconsideration. [255], [260] See the accompanying Statement for details.

## STATEMENT

Plaintiffs Philip Beverly and Robert Bionaz have sued Defendants Chicago State University Board of Trustees, Wayne D. Watson, Patrick Cage, and Janelle Carter for violations of Plaintiffs' First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. When Plaintiffs initiated this lawsuit, the case was originally assigned to Judge Joan B. Gotschall. On September 28, 2017, Judge Gottschall issued a Memorandum Opinion and Order denying Defendants' motion to dismiss and denying in part and granting in part Defendants' motion for summary judgment. (Dkt. No. 245.) On October 16, 2017, this case was re-assigned to this Court. (Dkt. No. 253.) Shortly thereafter, both parties filed motions for reconsideration of Judge Gottschall's opinion and order. (Dkt. Nos. 255, 260.)

On December 21, 2017, Plaintiffs used the Electronic Court Filing ("ECF") system to file a letter to the Court and attaching a decision by the United States Court of Appeals for the Federal Circuit, *In Re Brunetti*, 2018 WL 6391161 (Fed. Cir. Dec. 15, 2017). (Pls.' Letter, Dkt. No. 269.) Plaintiffs contend that *In Re Brunetti* is relevant to certain arguments advanced in their motion for reconsideration and their opposition to Defendants' motion for reconsideration. (Pls.' Letter at 2.) In response, Defendants filed the instant motion, requesting that the Court strike Plaintiffs' letter. (Dkt. No. 270.)

As a preliminary matter, Defendants are mistaken to treat Plaintiffs' submission as a supplemental pleading governed by Federal Rule of Civil Procedure 15(d). The letter is clearly

not a "pleading"—supplemental or otherwise—within the meaning of the Federal Rules of Civil Procedure. As set forth in Federal Rule of Civil Procedure 7, the pleadings in a case include (1) the complaint, (2) any answers to the complaint, (3) any answers to counterclaims designated as counterclaims, (4) any answer to a crossclaim, (5) any third-party complaint, (6) any answer to a third-party complaint, and (7) any reply to an answer. Fed. R. Civ. P. 7(a). Rule 15(d) addresses a situation where a party seeks to supplement one of these types of "pleadings" in order to allege facts relating to "any transaction, occurrence, or event" that occurred after the pleading was filed. Fed. R. Civ. P. 15(d). Notably, "pleadings" are distinguished from "motions and other papers." Fed. R. Civ. P. 7(b). The latter category of filings includes the parties' motions for reconsideration and supporting briefs here.

A review of Plaintiffs' letter reveals that it is properly construed as a simple submission of supplemental authority in support of their motion for consideration. It is true that even construed as supplemental authority, the submission does not technically comply with this Court's Standing Order, which instructs counsel not to respond to motion by correspondence with the Court, General Order 14.0024, which prohibits the use of ECF for filing letters of request, and Local Rule 5.2, which governs the form of documents filed. Nonetheless, the Court exercises its discretion to excuse the procedural error.

Accordingly, the Court denies Defendants' Motion to Strike Plaintiffs' Letter to the Court and request for attorneys' fees included therein. The Court will consider both the supplemental authority submitted by Plaintiffs and the substantive arguments relating to that authority advanced in Defendants' motion to strike.

Dated: September 28, 2018

_____
Andrea R. Wood
United States District Judge